J-S48018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
RODNEY SMITH　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　　:　　　No. 699 EDA 2017

Appeal from the PCRA Order January 26, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008634-2013

BEFORE:　　DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:　　　　　　**FILED AUGUST 28, 2018**

Rodney Smith (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The underlying convictions in this case stem from a March 12, 2013 home invasion during which Appellant and another individual forced the victim to play "Russian Roulette" in front of her children.  On January 15, 2014, Appellant entered an open guilty plea to the charges of aggravated assault, robbery, burglary, conspiracy, possession of an instrument of crime, and two violations of the Uniform Firearms Act.  In exchange for Appellant's guilty plea, the Commonwealth dropped the charge of attempted murder.  The remaining charges were *nolle prossed*.

During the guilty plea colloquy the trial court informed Appellant, *inter alia*, that he was facing up to 152 years of incarceration if he did not plead

_____
*　Retired Senior Judge assigned to the Superior Court.

guilty and was convicted of all crimes with which he was charged; that his prior record score was two; that the guideline sentence was 54 to 66 months if he did plead guilty and had several of his charges *nolle prossed*; and that, ultimately, the court could not make any guarantees as to his sentence because it would depend on his full pre-sentence investigation (PSI) report. As it turns out, Appellant's actual prior record score was four (not two) making the guideline sentence 66 to 78 months (not 54 to 66 months) if he pled guilty. Plea counsel did not correct these mistakes prior to Appellant's plea.

On March 18, 2014, with the benefit of a PSI report, the trial court sentenced Appellant to an aggregate term of nine to eighteen years of incarceration. Appellant did not file any post-sentence motions or a direct appeal.

On December 11, 2014, Appellant filed a timely *pro se* PCRA petition. On July 17, 2015, the PCRA court appointed counsel, who filed an amended petition on Appellant's behalf on December 20, 2015. Appellant asserted that plea counsel was ineffective for failing to ensure that the trial court properly informed him of his prior record score and guideline sentence, and consequently, his guilty plea was not knowing, voluntary, or intelligent. On November 18, 2016, the Commonwealth filed a motion to dismiss Appellant's PCRA petition, which the PCRA court granted on January 26, 2017.

On February 18, 2017, Appellant timely appealed to this Court. Both the PCRA court and Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

On appeal, Appellant raises the following issue for review: "Did the PCRA Court err when it dismissed [Appellant]'s [a]mended [p]etition without holding an [e]videntiary [h]earing?" Appellant's Brief at 3. More specifically, Appellant argues that the PCRA court erred in dismissing his ineffective assistance of counsel claim as it relates to his guilty plea.

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa. Super. 2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." **Id.** (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining

- 4 -

the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted); *see also* Pa.R.Crim.P. 590.

Appellant contends that his guilty plea was invalid because during the colloquy, the trial court informed him of the wrong prior record score and guideline sentence and plea counsel did not correct these mistakes. Appellant asserts that, consequently, his guilty plea was not knowing, voluntary, and intelligent.

The record reflects that during his guilty plea colloquy, the trial court specifically addressed with Appellant the subjects required by Rule 590 of the Pennsylvania Rules of Criminal Procedure, including that Appellant understood the nature of the charges to which he pled guilty, the factual basis for the plea, that he had the right to trial by jury, that he is presumed innocent until found guilty, and that the trial court was not bound by the terms of the plea agreement. N.T., 1/15/14, at 14-22; Written Plea Colloquy, 1/15/14.

With respect to Appellant's sentence, the trial court concedes that it incorrectly informed him of his prior record score (two instead of four), and as a result, that it also informed him of the incorrect guideline sentence associated with the charges to which he intended to plead guilty (54 to 66 months instead of 66 to 78 months). *See* Trial Court Opinion, 12/12/17, at 4-7; N.T., 1/15/14, at 5-9. Nevertheless, there is no dispute that prior to his guilty plea, the trial court correctly informed Appellant that he was facing up

to 152 years of incarceration if he did not plead guilty. *Id.* at 5. Furthermore, the trial court explicitly informed Appellant that by entering an open guilty plea, ultimately, the court would have to base the sentence on the PSI report. *Id.* at 7.

Based on the totality of the circumstances, we conclude that Appellant's guilty plea was knowing, voluntary, and intelligent, and that plea counsel's failure to ensure the trial court informed Appellant of the correct prior record score and sentencing guidelines did not invalidate the plea. While the trial court incorrectly informed Appellant of his prior record score and the guideline sentence prior to his guilty plea, the court did so with the caveat that ultimately, the court would determine his sentence based on the PSI report. Appellant makes no claim that had the trial court told him the proper prior record score and sentencing guidelines, he would not have pled guilty.

Moreover, our Supreme Court has explained:

[T]he decision to plead guilty to a charge could not be accepted as being knowingly and intelligently entered without an assurance that the accused fully comprehended the maximum punishment that might be imposed for his conduct. This information is obviously an integral part of the knowledge that should be possessed by one who is called upon to make the difficult decision whether to surrender his right to trial and to place himself at the mercy of the sentencing court.

*Commonwealth v. Kulp*, 382 A.2d 1209, 1211 (Pa. 1978). As discussed above, there is no dispute that the trial court correctly informed Appellant of his maximum possible sentence. N.T., 1/15/14, at 5.

In sum, the error by the trial court of informing Appellant of the incorrect prior record score and guideline sentence does not rise to a level of manifest injustice that would permit Appellant to withdraw his guilty plea. ***See Commonwealth v. Kehr***, 180 A.3d 754, 756 (2018) (explaining that a defendant must demonstrate a "manifest injustice" in order to withdraw a guilty plea post-sentence); ***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009) ("Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." . . . A plea deficient in one respect "does not *per se* establish prejudice on the order of manifest injustice."). Because the record supports the PCRA court's determination that Appellant's guilty plea was knowing, voluntary, and intelligent, we conclude that the trial court did not err in determining that Appellant's PCRA petition lacked merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/18

- 7 -